Owen McGivern, J.
This is an application for ■ an order pursuant to section 1171-b of the Civil Practice Act to enter judgment for arrears.
A decree of divorce was entered in this court on June 6, 1935 in favor of plaintiff husband. The decree directed plaintiff to pay to the maternal grandmother, the petitioner in this application, the sum of $6 weekly for the support of the infant issue, of the marriage. Said child attained the age of 21 years on June 29, 1951. The application seeks entry of judgment for the arrears due from June 6, 1935 to June 29, 1951, a period of 835 weeks. It is alleged aqd nowhere denied that no payments were made by plaintiff during this period. Plaintiff asserts that the moving party has no standing in this court, she not being a plaintiff or defendant; that section 1171-b was enacted for the benefit of the wife and not a third party; that upon information and belief, the child was self-supporting before he attained the age of 21. However, section 1170 of the Civil Practice Act provides in part that the court, upon the application of either party, or any other person having the care, control and custody of a child, may vary or modify the terms of an order regarding maintenance of children. Section 1171-b provides in part that where the husband in a matrimonial action makes default in payment of any sum required by the judgment, the court in its discretion may make an order directing the entry of judgment for the amount of the arrears. The language used in this section does not limit such relief to the wife. The clear intention is to grant relief to whomever is entitled thereto in accordance with the previous order or judgment of the court. Plaintiff in effect is asserting that the court has made a meaningless, unenforcible order. But the plaintiff’s child was in petitioner’s custody pur *733 suant to order of this court and provision for the support of the child duly made. Plaintiff then made no payment whatever. Accordingly, this court determines that the application should be granted. All other grounds asserted by plaintiff in opposition to the application are held to have no basis in law or fact and are overruled. The application is granted. Petitioner may enter judgment for the amount of the arrears together with appropriate interest. Settle order.